IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHMAEL BURK, SR., | No. 1:20-CV-02179 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MS. LANG, *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

### DECEMBER 15, 2021

Plaintiff Ishmael Burk, Sr., initiated this *pro se* Section 1983[1] action in November 2020.[2] In his lawsuit, he alleges that he was sexually assaulted twice in April 2019 by a cellmate and that eight prison officials and a Pennsylvania State Trooper violated his constitutional rights following these assaults.[3]

On April 4, 2021, after Defendants moved to dismiss his complaint,[4] Burk filed an amended complaint.[5] In that first amended complaint, Burk named three

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] Doc. 1.

[3] The original complaint names the following defendants: Ms. Lang (correctional officer); Mr. Rankins (correctional officer); Ms. Grassmyer (mail supervisor); J. Miller (state trooper); Mr. Verone (correctional officer); Officer Hann (correctional officer); Officer Cassol (correctional officer); L. Smith (correctional officer); and D. Fisher (PREA officer). The last name of defendant "Lang" was eventually corrected to "Long." *See* Doc. 36.

[4] *See* Doc. 19.

[5] Doc. 26.

defendants (CO Hann, CO Cassol, and K. Grassmyer),[6] and alleged that in September 2020 these defendants illegally confiscated and destroyed Burk's legal documents in retaliation for filing a lawsuit.[7] There are no allegations regarding the April 2019 incident in the first amended complaint.[8]

It appears that Burk did not realize that his amended pleading needed to be a standalone document setting forth all of his claims and naming all defendants. This is despite the fact that, on March 19, 2021, the Court specifically directed Burk that, if he chose to amend his complaint, his amended pleading must "be direct, concise, and shall stand [] alone without reference to any other document filed in this matter."[9]

Defendants promptly moved to dismiss the amended complaint.[10] Burk then filed a "motion to amend/correct," explaining that he did not understand the Court's March 19, 2021 Order and asking to "include [defendants] Rankin, Verone, Smith, Fish[er,] and Miller."[11] He contemporaneously filed a "motion to keep defendants['] motion to dismiss," indicating that he would like to file a separate amended complaint and include "Rankin, Verone, Smith, Fisher, Miller,

---

[6] Defendant Long was also included in the caption of the amended complaint, *see* Doc. 26 at 1, but none of the allegations therein referenced Long.
[7] Doc. 26 at 2.
[8] *See id.* at 2-3.
[9] Doc. 20 at 1.
[10] Doc. 27.
[11] Doc. 29.

and Ms. L[o]ng."[12]  Two days later, Burk additionally filed a "motion for outline of order for amended complaint" expressing his confusion with how he was to amend his pleadings to properly include all claims and defendants.[13]

On May 7, 2021, the Court issued a thorough Order addressing Burk's various motions and directing him to file a comprehensive second amended complaint that will "supersede all previously filed pleadings."[14]  Burk was again admonished that his second amended complaint must stand alone "without reference to any other document filed in this matter" and must "fully comply with Federal Rules of Civil Procedure 8 and 20."[15]  The Court further explained that, as to the September 2020 incident with completely different claims and defendants, Burk should file such complaint as a "new and separate action" rather than as an additional "amended complaint" in the instant lawsuit.[16]

Burk filed his second amended complaint on June 10, 2021.[17]  This pleading provided more details regarding the April 2019 cellmate sexual assaults and contained additional troubling allegations regarding physical and sexual assaults by

---

[12] Doc. 30.
[13] Doc. 32.
[14] Doc. 33 at 1-2.
[15] *Id.*
[16] *Id.* at 1.
[17] Doc. 40.  Prior to filing this second amended complaint, Burk moved to amend and submitted two proposed amended complaints.  *See* Docs. 36, 36-1, 36-2.  Again, it appears that Burk was confused about how to assert his claims for separate events that involved different constitutional violations (the April 2019 incident involving Eighth Amendment claims and the September 2020 incident involving First Amendment claims).  The Court denied this motion to amend and directed Burk to file a single, second amended complaint regarding the April 2019 incident.  *See* Doc. 37.

corrections officers and the state trooper after the alleged cellmate attacks.[18]  The second amended complaint includes detailed allegations involving defendants Long, Verone, Rankin, Miller, Fisher, and Smith.[19]  Along with his second amended complaint, Burk filed a "motion to withdraw names," which asked leave of court to withdraw defendants Grassmyer, Hann, Cassol, and Smith from the instant lawsuit.[20]  It is unclear whether Burk maintains that defendant Smith was involved in the April 2019 incident; the second amended complaint contains allegations against him but Burk subsequently moved to dismiss Smith along with defendants Grassmyer, Hann, and Cassol.

On June 6, 2021, Magistrate Judge Martin C. Carlson entered an order granting Burk leave to amend.[21]  It appears, however, that Magistrate Judge Carlson misconstrued Burk's filings, interpreting Burk's various motions and proposed pleadings as Burk desiring to pursue a claim against only a single defendant: Long.[22]  This interpretation is likely due to the way Burk styled the caption on his second amended complaint,[23] although the allegations therein clearly indicate involvement of other Defendants.[24]

---

[18] Doc. 40 at 2-3.
[19] *See generally* Doc. 40.
[20] Doc. 38.  The Court notes that Grassmyer, Hann, and Cassol are the defendants identified in the first amended complaint and proposed second amended complaint regarding the alleged September 2020 First Amendment violations.
[21] Doc. 41.
[22] *See id.* at 1.
[23] *See* Doc. 40 at 1 (naming only Long in the caption).
[24] *See id.* at 1-4.

Defendants again promptly moved to dismiss, this time focusing only on claims regarding Defendant Long in light of Magistrate Judge Carlson's June 6, 2021 order.[25] Burk, realizing that his previous filings had been unclear and misunderstood, filed a "motion to keep defendants," indicating that he did not want to dismiss his claims against defendants Rankin, Verone, Fisher, Miller, and Long.[26]

On July 26, 2021, Magistrate Judge Carlson denied Burk's motion "to keep defendants" but granted him leave to file a comprehensive third amended complaint that complied with both federal and local rules.[27] Magistrate Judge Carlson also ordered Burk to respond to defendant Long's motion to dismiss.[28] Burk complied with both orders.[29]

After having reviewed (1) the unnecessarily complex procedural history of this case; (2) Burk's various motions, pleadings, amended pleadings, and proposed amended pleadings; and (3) Burk's latest proposed amended complaint[30]; the Court draws the following conclusions.

---

[25] Doc. 42.
[26] Doc. 44; *see also* Doc. 45.
[27] Doc. 46.
[28] Doc. 47.
[29] *See* Docs. 48, 49.
[30] Doc. 49.

Since the inception of this litigation, Burk has wanted to press constitutional tort claims for the alleged April 2019 cellmate sexual assaults and related officials' conduct that followed. From his various filings, it has become clear that Burk wants to sue the following correctional Defendants for alleged Eighth Amendment violations: Long, Rankin, Verone, Fisher, and Miller; it is also possible that Burk wants to include Eighth Amendment claims against defendant Smith, but this issue remains unsettled.

Nevertheless, Burk has consistently struggled to properly plead his claims and follow Court instructions. For example, even though Burk's second amended complaint includes detailed allegations regarding Defendant Long,[31] his proposed third amended complaint contains much fewer details about the April 2019 incident, identifies Long only in the caption, and fails to include any allegations against Long in the body of the proposed pleading.[32] The Court further observes that Defendants have expended considerable time and energy filing motions to dismiss, only to have those motions nullified by amendment.

Thus, in the interest of justice and to bring an end to the pleading stage of this litigation, the Court will grant Burk leave to file a third and final amended complaint. Burk is admonished that *no further amendment* will be permitted absent a showing of compelling circumstances. Burk must include the names of

---

[31]   *See* Doc. 40 at 1-2.
[32]   *See generally* Doc. 49.

6

each Defendant he seeks to sue regarding the April 2019 incident, as well as any and all factual allegations concerning those Defendants and the incident that he deems relevant to his Section 1983 claims. The third amended complaint must contain the same case number assigned to this action—1:20-cv-2179—and must be a standalone document without reference to any previous pleadings. Burk's third amended complaint likewise must comply with Federal Rules of Civil Procedure 8 and 20.

**AND NOW**, upon consideration of the foregoing, as well as Defendants' pending motion to dismiss,[33] **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss (Doc. 42) is **DISMISSED** as moot without prejudice in light of today's Order.

2. Burk shall have **21 days**—that is, until **January 6, 2022**—to file his all-inclusive, third amended complaint. Burk need not seek leave to amend, as the Court is granting such leave in this Order.

3. If Burk properly files a third amended complaint, said pleading shall be the governing complaint in this action and shall supersede all previous pleadings.

4. No further leave to amend will be granted absent exceptional circumstances.

---

[33] Doc. 42.

5.       If Burk does not file a third amended complaint in compliance with today's memorandum and order, the Court will construe Burk's second amended complaint—Doc. 40—as the operative pleading. The Court will also issue a clarifying Order in due course regarding its interpretation of the second amended complaint, including what claims and defendants remain active in this litigation.

                                                BY THE COURT:

                                                *s/ Matthew W. Brann*
                                                Matthew W. Brann
                                                Chief United States District Judge