## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHMAEL ALI BURK, | No. 1:20-CV-02179 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MS. LONG, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JUNE 10, 2022

Plaintiff Ishmael Ali Burk is currently in state custody.  He filed the instant *pro se* Section 1983[1] action in 2020, claiming constitutional violations by various officials at the State Correctional Institution, Smithfield (SCI Smithfield), located in Huntingdon, Pennsylvania.  Presently pending is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The Court will grant in part and deny in part Defendants' motion.

## I.    BACKGROUND

This case has an unusually complicated procedural history.  That history was set forth in extensive detail in this Court's December 15, 2021 Memorandum and

---

[1]    42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

Order,[2] and there is no need to repeat it here.  Suffice it to say that the operative

pleading in this case, after numerous procedural hurdles, is Burk's Third Amended

Complaint.[3]

In that pleading, Burk alleges that, in April 2019, he was sexually assaulted

by his cellmate.[4]  He claims that, following this assault, he notified defendant C.O.

Long and another correctional officer and asked for medical attention and to be

moved to a different cell.[5]  Burk alleges that Long told him she would "observe the

situation and take it from the[re]."[6]

Burk avers that, on April 20, 2019, he was again sexually assaulted by his

cellmate, this time causing bleeding from his rectum.[7]  Although Burk's pleading is

unclear, he appears to allege that Long declined to call for medical treatment for

Burk, so Burk refused to "lock in" to his cell until he was given medical care.[8]

Shortly thereafter, Burk was sent to security to speak with defendant D.

Fisher.[9]  Burk alleges that, after explaining that he had been sexually assaulted on

multiple occasions by his cellmate despite informing Long and another

---

[2]   *See* Doc. 51 at 1-5.
[3]   Doc. 53.
[4]   *Id.* at 3.
[5]   *Id.*
[6]   *Id.*
[7]   *Id.*
[8]   *Id.*
[9]   Doc. 53 at 3.  In Burk's initial complaint, Fisher is identified as a Pennsylvania Department of Corrections (DOC) "PREA" officer, (*see* Doc. 1 at 3), so named for the DOC's implementation of the Prison Rape Elimination Act, 34 U.S.C. § 30301 *et seq.*

correctional officer, Fisher contacted Pennsylvania State Trooper J. Miller.[10]  Burk

maintains that, when Miller arrived and Burk told him about the assaults, Miller

and Fisher proceeded to physically assault him.[11]  Burk alleges that Miller punched

him with a closed fist in the face and ripped out some of Burk's dreadlocks, that

Fisher kicked him in the ribs, and that both Fisher and Miller hit, punched, and

kicked him repeatedly.[12]  Burk claims that he was then placed in the Restricted

Housing Unit (RHU) for 30 days.[13]  As a result of the alleged physical assault,

Burk asserts that he suffered "cracked ribs, [a] busted lip, [a] dislocated shoulder,

and a concussion."[14]

Burk names as defendants Long, Fisher, and Miller.[15]  He asserts that his

Eighth, First, and Second Amendment rights were violated.[16]  Burk, however, does

not delineate what type of constitutional torts he is asserting, nor does he specify

against which Defendants he is bringing them.  He leaves to the Court and

Defendants the task of sifting through his underdeveloped complaint to determine

what types of constitutional violations he is alleging.

---

[10]  Doc. 53 at 3-4.
[11]  *Id.* at 4.
[12]  *Id.*
[13]  *Id.*
[14]  Doc. 54.
[15]  *See* Doc. 53 at 1.  Burk also named a "C.O. Verone" in his Third Amended Complaint, (*see id.*), but then voluntarily dismissed this defendant.  *See* Docs. 66, 67.
[16]  Doc. 53 at 4.

Defendants Long and Fisher move to dismiss the Eighth Amendment claims against them.[17]  Defendants' Rule 12(b)(6) motion is ripe for disposition.

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[18]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[19]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[20]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[21]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[22]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal

---

[17]  *See generally* Docs. 56, 57.

[18]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[19]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[20]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[21]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[22]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[23]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[24] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[25]

Because Burk proceeds *pro se*, his pleadings are to be liberally construed and his third amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[26]  This is particularly true when the *pro se* litigant, like Burk, is incarcerated.[27]

## III.   DISCUSSION

Because Burk has failed to specify the Section 1983 claims he is asserting, the Court must endeavor to construe what constitutional right or rights Burk is claiming were infringed.[28]  At the outset, the Court must dismiss any claims under the First and Second Amendment, as nothing in Burk's Third Amended Complaint even remotely implicates those constitutional provisions.[29]

---

[23]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[24]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[25]   *Iqbal*, 556 U.S. at 681.

[26]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[27]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

[28]   *Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); *Graham v. Connor*, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct).

[29]   *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (explaining that courts must "identify the exact contours of the underlying right said to have been violated" and

5

Burk's complaint, liberally construed, appears to raise three types of Eighth Amendment violations: failure to protect, deliberate indifference to serious medical needs, and excessive force.  Defendants identify the same three types of claims but argue that Burk fails to state a claim for relief as to any of them.[30]  The Court disagrees.

### A.     Failure to Protect

To state an Eighth Amendment failure-to-protect claim against a prison official, the inmate must plausibly plead that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm."[31]  In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."[32]  Actual knowledge or awareness of a substantial risk to an inmate's safety can be proven "in the usual ways, including inference from circumstantial evidence."[33]

---

determine "whether the plaintiff has alleged a deprivation of a constitutional right at all") (quoting *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000)).

[30]   *See* Doc. 57 at 4-5.

[31]   *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

[32]   *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).

[33]   *Id.* (quoting *Farmer*, 511 U.S. at 842).

Burk's Third Amended Complaint plausibly states a failure-to-protect claim against Long.  Burk alleges that he was sexually assaulted by his cellmate, reported that assault to Long and requested to be moved, and that Long took no action. Shortly thereafter, Burk claims that he was sexually assaulted by his cellmate a second time.  Burk's allegations represent the quintessential failure-to-protect claim in the context of prison cellmate abuse.  Defendants' contention that Burk's Third Amended Complaint lacks "proof" that Long was "directly involved in the alleged decision to keep [Burk] in his cell after his report of sexual assault"[34] is an argument better reserved for summary judgment.

## B.    Deliberate Indifference to Serious Medical Needs

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[35]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[36]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[37]  Deliberate

---

[34]   Doc. 57 at 6.
[35]   *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[36]   *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[37]   *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[38]

Burk alleges that both Long and Fisher were deliberately indifferent to his serious medical needs. He claims that, after the second sexual assault, he informed Long that he was bleeding from his rectum and Long refused his repeated pleas for medical attention. He likewise alleges that he informed Fisher of the assaults and his rectal bleeding, and Fisher purportedly responded by physically assaulting him. It is difficult to see how such allegations do not plausibly state a medical deliberate indifference claim, as any layperson could easily recognize that Burk's alleged symptoms required medical attention. Consequently, Burk's Eighth Amendment medical indifference claims may proceed against Long and Fisher.

### C.   Excessive Force

In a Section 1983 claim for excessive force, the "pivotal inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[39] The factors analyzed when making this inquiry include: "(1) the need for the application of force; (2) the relationship

---

[38] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

[39] *Ricks v. Shover*, 891 F.3d 468, 480 (3d Cir. 2018) (quoting *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002)).

between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response."[40]

Burk's excessive force claim against Fisher[41] requires little discussion. He alleges that Fisher physically assaulted him by punching and kicking him—for no legitimate penological purpose—after Burk reported the episodes of sexual assault and the correctional staff's failure to protect him. Because the essence of Burk's claim is that Fisher applied force maliciously and sadistically to cause harm rather than for any legitimate disciplinary purpose, his claim survives Defendants' Rule 12(b)(6) challenge.

## IV.   LEAVE TO AMEND

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[42] Because this is Burk's third pleading attempt, there is no basis for granting leave to amend. Moreover, the completely undeveloped claims that are being dismissed—purported First and Second Amendment violations—have no basis in fact in Burk's Third Amendment

---

[40] *Id.* (quoting *Smith*, 293 F.3d at 649).
[41] Burk also appears to bring an excessive force claim against Miller, but Miller did not move for dismissal of that claim.
[42] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Complaint or, for that matter, any of his other complaints.  Accordingly, those claims will be dismissed with prejudice, as leave to amend would be futile.

**V.    CONCLUSION**

Based on the foregoing, the Court will grant in part and deny in part Defendants' motion (Doc. 56) to dismiss under Federal Rule of Civil Procedure 12(b)(6).  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge