IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHMAEL ALI BURK, | No. 1:20-CV-02179 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MS. LONG, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 31, 2023

Plaintiff Ishmael Ali Burk is currently in state custody. Burk is a frequent *pro se* litigant, having filed at least sixteen civil rights cases in the Middle and Eastern Districts of Pennsylvania. He filed the instant *pro se* Section 1983[1] action in 2020, claiming constitutional violations by several officials at the State Correctional Institution, Smithfield (SCI Smithfield), located in Huntingdon, Pennsylvania. Presently pending are Defendants' motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because Burk fails to carry his summary judgment burden on his remaining constitutional tort claims, the Court must grant Defendants' Rule 56 motions.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.      **FACTUAL BACKGROUND**[2]

At all times relevant to the instant lawsuit, Burk was incarcerated at SCI Smithfield.[3] Burk alleges that he was sexually assaulted by his cellmate, Hasab Waldron, on two occasions in April 2019.[4] He does not give a specific date in his pleadings for the first assault, but asserts that the second assault occurred on April 20, 2019.[5] In his deposition, he stated that the first assault occurred on April 17 or 18, 2019, and the second assault occurred on April 20 or 21, 2019.[6] Burk contends that defendant CO Laura Long failed to protect him from the second assault.[7] He

---

[2]   Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Defendants Long and Fisher filed their statement of material facts, (Doc. 100), but Burk failed to respond to that statement. Defendant Miller also filed a statement of material facts (Doc. 121) with his Rule 56 motion. Instead of responding to Miller's statement, as required by Rule 56.1, Burk filed his own statement of facts that does not correspond to the movant's statement and instead includes his own assertions of fact. *See generally* Doc. 126. Burk's filing is not permitted by Rule 56.1. *See Barber v. Subway*, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa. 2015) (explaining that separate, nonresponsive statement of facts by nonmovant is "neither contemplated nor permitted by the Local Rules"). Moreover, none of Burk's statements are supported by references to the record, as required by the rule. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018) (explaining that Local Rule 56.1 "is essential to the Court's resolution of a summary judgment motion due to its role in organizing the evidence, identifying undisputed facts*, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence*." (emphasis supplied) (internal quotation marks and citations omitted)). Accordingly, Defendants' statements of material facts will be deemed admitted unless plainly contradicted by the record. *See* LOCAL RULE OF COURT 56.1.
[3]   *See generally* Doc. 53. Burk is currently incarcerated at SCI Chester. *See* Doc. 12.
[4]   *See* Doc. 53 at 3.
[5]   *See id.*
[6]   Doc. 100 ¶¶ 7, 10.
[7]   *See* Doc. 53 at 3. Burk also included allegations against a "CO Verone," but he later voluntarily dismissed Verone from this case. *See* Doc. 67.

additionally alleges that Long and defendant CO David Fisher were deliberately indifferent to his serious medical needs after the second sexual assault.[8]

Finally, Burk alleges that, during the PREA sexual assault investigation, Fisher and the late Joseph Miller (a state trooper who passed away on December 6, 2022), physically assaulted him by repeatedly punching him in the face, kicking him in the ribs, and ripping dreadlocks out of his hair.[9]  As a result of the alleged physical assault, Burk claims that he suffered "cracked ribs, [a] busted lip, [a] dislocated shoulder, and a concussion."[10]

Defendants moved to dismiss Burk's third amended complaint,[11] which motion the Court granted in part and denied in part.[12]  The Court permitted the following Eighth Amendment claims to proceed: (1) failure to protect against Long; (2) deliberate indifference to serious medical needs against Long and Fisher; and (3) excessive force against Fisher and Miller.[13]

Defendants now move for summary judgment on all remaining claims.[14] Those motions are ripe for disposition.

---

[8]  *See* Doc. 53 at 3.
[9]  *Id.* at 4.
[10] Doc. 54.
[11] Doc. 56.
[12] Docs. 72, 73.
[13] *See* Doc. 73 ¶ 2.  Following Miller's death, Benjamin Miller—administrator of the estate of Joseph Miller—was substituted as a defendant in this action.  *See* Doc. 110.
[14] Docs. 98, 116.

## II.   STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[15]  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16]  Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[17]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[18]  The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[19]  This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[20]  A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury

---

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[16] FED. R. CIV. P. 56(a).
[17] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (*quoting Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[19] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[20] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

could reasonably find for the [nonmovant]."[21]  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[22]

## III. DISCUSSION

Defendants maintain that Burk has not, and cannot, adduce any competent evidence to support his Eighth Amendment claims.  According to Defendants, there is no genuine dispute of material fact as to any remaining claim and therefore summary judgment must be granted in their favor.  The Court agrees, and will discuss each Eighth Amendment claim in turn.

### A. Failure to Protect

To establish an Eighth Amendment failure-to-protect claim against a prison official, the inmate must prove that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm."[23]  In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."[24]  Actual knowledge or awareness of a substantial risk to an inmate's

---

[21] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[22] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).
[23] *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).
[24] *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).

safety can be proven "in the usual ways, including inference from circumstantial evidence."[25]

Burk's failure-to-protect claim against Long falters at summary judgment because he has not pointed to *any* competent evidence that Long was aware of a risk to his health or safety and failed to take protective measures. In fact, the undisputed record establishes that Burk did not report Waldron's sexual assaults to prison officials until more than a year later in 2020.[26]

In his brief in opposition, Burk fails to cite any relevant evidence and continues to rely on mere allegations that he reported the first assault to Long.[27] However, at summary judgment, "the non-moving party must oppose the motion and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice."[28]

The Court observes that Burk, in his briefing,[29] references "Exhibit 7," which appears to be a Pennsylvania Department of Corrections (DOC) form signed

---

[25] *Id.* (quoting *Farmer*, 511 U.S. at 842).
[26] *See* Doc. 100 ¶¶ 19, 23 (stating July 2020); Doc. 101-2 ¶ 8 (same); Doc. 101-5 at 16 (PSS Gracey-Yohn indicating that, on July 1, 2020, Burk reported Waldron's sexual assaults and admitted that he did not report them earlier "due to the 'shame and embarrassment'"); Doc. 104-3 at 2-3 (letter from Burk, dated May 1, 2020, to PREA coordinator regarding sexual assault by Waldron).
[27] *See* Doc. 104 at 5-7.
[28] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).
[29] *See* Doc. 104 at 8.

by a "CO Williams" indicating that, on April 9, 2019, Burk "requested and has been granted self-confinement."[30] This form does not in any way implicate notice to Long or discuss any assault (physical or sexual) by Waldron.[31] Moreover, rather than supporting Burk's failure-to-protect claim, it directly undercuts his allegations. According to the form and the DOC's cell-history records for Burk and Waldron, Burk was not celled with Waldron during the time of the alleged sexual assaults; rather, he had already been moved to the Restricted Housing Unit (RHU) on April 9, 2019, where he remained in self-confinement until April 26, 2019.[32] When he returned from the RHU on April 26, 2019, he was housed in a different building than Waldron.[33]

Thus, Burk has not pointed to any evidence that Long knew or was aware of a substantial risk of harm to Burk (*i.e.*, the alleged second sexual assault by Waldron on April 20 or 21, 2019), nor that Long was deliberately indifferent to that risk of harm. Summary judgment, therefore, must be granted in Long's favor on Burk's failure-to-protect claim.

---

[30] Doc. 104-12 at 2.
[31] *See id.*
[32] *See* Doc. 100 ¶¶ 48-49; Doc. 101-5 at 39, 40, 42; *see also* Doc. 101-5 at 31-32 (April 10, 2019 grievance by Burk noting that he asked to be moved because Waldon had "slapped" him twice and that Unit Manager Runk had denied his request to be moved).
[33] *See* Doc. 101-5 at 39, 40, 42.

7

## B.  Deliberate Indifference to Serious Medical Needs

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[34]  To establish an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must prove "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[35]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[36]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[37]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[38]  Claims sounding in mere medical negligence will not suffice.[39]

---

[34]  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[35]  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[36]  *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[37]  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[38]  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[39]  *Rouse*, 182 F.3d at 197.

Burk's medical deliberate indifference claim suffers from the same type of deficiency that doomed his failure-to-protect claim. That is, Burk has not proffered any competent evidence that he had a serious medical need or that Long and Fisher were deliberately indifferent to that need. Burk does not include, for example, any medical records, affidavits, witness statements, or any other evidence that would substantiate his claims that he was "bleeding from his rectum" after the second sexual assault, informed both Long and Fisher, and was denied appropriate medical care.[40]

Moreover, the record appears to repudiate Burk's assertions. First, as noted above, Burk did not report Waldron's sexual assaults until 2020, which contradicts his allegations about requesting medical care related to the purported assaults and resultant rectal injuries. Second, when Burk eventually did report the sexual assaults to prison officials on July 1, 2020, he was treated by medical the very next day.[41] Third, Burk has not established any basis for holding Long or Fisher (who are not medical providers) responsible for his medical care when he has not proffered any evidence that he sought medical attention through them following the alleged sexual assaults.[42] Simply put, Burk has not pointed to any evidence

---

[40] *See* Doc. 53 at 3.
[41] *See* Doc. 100 ¶ 21.
[42] *See* Doc. 100 ¶ 24 (admitting that "Plaintiff did not tell Defendants Long and Fisher that Waldon sexually assaulted him."); *id.* ¶ 44 (admitting that "Defendant Fisher had no involvement with coordinating medical treatment for Plaintiff."); *id.* ¶ 47 (admitting that "Defendant Fisher never had any interactions with Plaintiff and did not have any discussions

9

that would support either element of his medical deliberate indifference claim against Long and Fisher. Summary judgment, therefore, must be granted in their favor on this claim.

### C. Excessive Force

In a Section 1983 claim for excessive force, the "pivotal inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[43] The factors analyzed when making this inquiry include: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response."[44]

In his third amended complaint, Burk alleged that Fisher and Miller physically assaulted him on August 7, 2020. Burk's excessive force claim fails at summary judgment because he admits, pursuant to Local Rule 56.1, that no physical assault took place.

---

with Plaintiff regarding his allegations, nor did Defendant Fisher physically assault Plaintiff at any time.").

[43] *Ricks v. Shover*, 891 F.3d 468, 480 (3d Cir. 2018) (quoting *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002)).

[44] *Id.* (quoting *Smith*, 293 F.3d at 649).

Burk—who is a frequent litigator in this Court and who has been provided with copies of Local Rule 56.1 on numerous occasions[45]—is fully aware of the requirements and consequences of this rule. "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."[46] Thus, according to Fisher's undisputed (and thus admitted) statement of material facts, "Defendant Fisher never had any interactions with [Burk] and did not have any discussions with [Burk] regarding his [sexual assault] allegations, nor did Defendant Fisher physically assault [Burk] at any time."[47] And according to Miller's undisputed (and thus admitted) statement of material facts, "[Burk] cannot produce any competent admissible evidence from which a factfinder could reasonably believe [Burk] was assaulted by Trooper Miller on August 7, 2020, during an investigation into [Burk]'s PREA complaint."[48]

With such facts deemed admitted,[49] there is no basis to proceed beyond summary judgment because there is no genuine dispute of any material fact and Defendants are entitled to judgment as a matter of law. Consequently, the Court is constrained to grant Fisher's and Miller's motions for summary judgment as to

---

[45] *See, e.g.*, Doc. 5-1 at 6.
[46] LOCAL RULE OF COURT 56.1.
[47] Doc. 100 ¶ 47.
[48] Doc. 121 ¶ 33.
[49] *See* LOCAL RULE OF COURT 56.1; *Wetitzner*, 909 F.3d at 613.

Burk's excessive force claim.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Defendants' motions for summary judgment. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge